UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SONYA L. HALL, | ) | CASE NO.  1:07cv649 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONAL CITY CORPORATION | ) | **MEMORANDUM OF OPINION** |
| WELFARE BENEFITS PLAN, | ) | **AND ORDER** |
| | ) | [Resolving Docs. 86, 87, 88, 89, 91, 94] |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on multiple motions from the parties, the primary of which are the motions for summary judgment filed by each party. The Court has been advised, having reviewed the motions, the responses and replies thereto, applicable law and properly submitted supporting documents, and makes it disposition of all pending motions in this matter as set forth herein.

## I.      Background

Plaintiff Sonya L. Hall (Plaintiff) first brought her claim March 5, 2007, for an award of benefits under her employer's long term disability insurance plan. Plaintiff later filed a Motion for Judgment Awarding Benefits (Doc. 40), and Defendant filed a Motion for Judgment on the Administrative Record (Doc. 45). Prior to the Court's ruling on these two motions, Defendant filed a Motion for Leave to File an Amended Answer to Add Counterclaim *Instanter* (Doc. 44), which the Court granted (Doc. 56). Defendant's counterclaim sought reimbursement for overpayments made by the Plan to Plaintiff for the period during which the Social Security Administration found her to be disabled and awarded her benefits retroactively to her alleged date of onset. The Court granted Defendant's motion but, through an oversight of both the Court and Defendant, the Amended Answer was not deemed filed on the record, nor was it separately

filed by Defendant. On April 25, 2008, the Court denied Plaintiff's Motion for Judgment Awarding Benefits and granted in part Defendant's Motion for Judgment on the Administrative Record, finding that the Plan had not acted arbitrarily and capriciously in denying Plaintiff's application for long-term disability benefits. (Doc. 62.)  However, it reserved judgment on Defendant's Counterclaim.  Defendant's Amended Answer was docketed as a separate entry just after the Court issued its Order denying Plaintiff's Motion for Judgment Awarding Benefits. (*See* Doc. 63.)

Plaintiff filed a Motion to Vacate the Court's Order denying her Motion for Judgment Awarding Benefits, or, in the alternative, to strike Defendant's Counterclaim.  (Doc. 65.)  In it, Plaintiff argued that Defendant had engaged in stalling tactics by not filing the Amended Complaint and Counterclaim on the docket at the time the motion for leave was granted by the Court.  Plaintiff also filed a reply to Defendant's Counterclaim, as well as a "Crossclaim" against Defendant.  (Doc. 66.)  At that point, a hailstorm of motions were filed by both Plaintiff and Defendant, including unsolicited motions for summary judgment from both parties, as well as a motion by Defendant to dismiss Plaintiff's Cross-claim and a Motion by Plaintiff to amend the complaint.  The Court denied Plaintiff's Motion to Vacate, denied the motions for summary judgment without prejudice to refiling, denied the remaining pending motions, and set the matter for a hearing on Defendant's Counterclaim.  (Doc. 77.)  It also ordered that no further motions be filed by either party without leave of Court.  *Id.*

At the hearing, the parties requested an opportunity to file for summary judgment on the remaining claims.  While it was unclear what Plaintiff intended to accomplish by means of her "Cross-claim," the Court permitted motion practice for Defendant on the Counterclaim and for Plaintiff on the "Cross-claim."  Plaintiff was then informed in an Order from the Court that her

"Cross-claim" would be treated as a claim in a supplemental complaint.  (Doc. 78.)  The Court's Order requiring the parties to move for leave to file further motions remained in place.  Its reward for that requirement was that, after summary judgment motions began to be filed, it received a renewed hailstorm of motions, this time motions for leave, including several to strike exhibits attached to the dispositive motions and one motion for leave to respond in opposition to yet-unfiled motions to strike.  It now has six pending motions, only two of which were contemplated by the Court's granting leave for the parties to move for summary judgment.

## II.     Factual History

The facts in this matter are as set forth in the Court's Memorandum of Opinion and Order denying Plaintiff's Motion for Judgment Awarding Benefits and granting in part Defendant's Motion for Judgment on the Administrative Record (Doc. 62.), which the Court hereby incorporates by reference.  The factual background of the case has not developed further or changed since the Court's ruling.

## III.    Applicable legal standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c). The court is to determine "whether there is the need for a trial— whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986).  The court views the evidence of record and draws all reasonable inferences in the light most favorable to the nonmoving party.  *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).

3

Summary judgment is appropriate if the party that bears the burden of proof at trial does not establish an essential element of its case.  *Tolton v. Am. Biodyne, Inc*., 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson*, 477 U.S. at 247-48 (Emphasis in original).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Id.* at 248.  Summary judgment should be denied if "a reasonable jury could return a verdict for the nonmoving party."  *Id*.

## IV.    Analysis

### A.    Plaintiff's Motion for Summary Judgment

Plaintiff begins her Motion for Summary Judgment by arguing that she is entitled to "judgment as a matter of equity."  (Doc. 86.)  First, this is clearly not the standard set forth in Rule 56, which requires that all properly submitted evidence demonstrate that "the moving party is entitled to judgment *as a matter of law*."  Fed. R. Civ. P. 56(c) (emphasis added).  Second, Plaintiff devotes virtually her entire brief in support of her motion to re-arguing the issue of her denial of benefits.  She states that Defendant "is stopped from denying her benefits," and that she "brings a Supplemental Complaint for her benefits on an estoppel theory."  (Doc. 86 at p. 2, 3.)  The Court has already decided the benefits question, and has determined that Plaintiff is not entitled to benefits.  (Doc. 62.)  It has further denied Plaintiff's Motion to Vacate the Order denying Plaintiff's benefits.  (Doc. 77.)  Plaintiff is now bound by the law of the case, and further attempts to seek an award of benefits, no matter how they may be argued or upon what theory, are simply attempts to relitigate the issue and the Court will not entertain them.  Furthermore,

Plaintiff made estoppel arguments in her briefing on her Motion for Judgment Awarding Benefits, and the Court found them unpersuasive.

The law of the case doctrine "generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." *United States v. Graham*, 327 F.3d 460, 464 (6th Cir. 2003) (citing *United States v. Tocco*, 306 F.3d 279, 288 (6th Cir. 2002)). As Plaintiff's "supplemental complaint" simply renews her claim for benefits, and that issue has already been decided by the Court, it will not be revisited.

Plaintiff asserts that this equitable claim for disability benefits was "inchoate" before Defendant brought its Counterclaim for reimbursement, apparently relying upon this assertion to overcome any application of the law of the case doctrine. The Court is entirely at a loss as to how to understand this argument, particularly in light of the fact that Plaintiff brought an estoppel claim in her Complaint and made an estoppel argument in her Motion for Judgment Awarding Benefits, an argument which this Court addressed and rejected. The Court has failed in its attempts to formulate an argument that would support a theory that this particular estoppel argument was inchoate prior to Defendant's bringing its counterclaim. It therefore finds the assertion to be meritless. As Plaintiff's Supplemental Complaint is governed by the law of the case, and the only issue it attempts to raise has already been decided by this Court, the Motion for Summary Judgment on the Supplemental Complaint is DENIED as moot. Furthermore, Defendant's Motion for Leave (Doc. 88) to file a motion to strike Plaintiff's exhibit to her Motion for Summary Judgment is DENIED.

### B.    Defendant's Motion for Summary Judgment

Defendant seeks summary judgment on its counterclaim for reimbursement of overpayments made to Plaintiff. It cites to the Sixth Circuit's decision in *Gilchrest v. Unum Life*

*Ins. Co.*, 255 Fed. Appx. 38 (6th Cir. 2007), in which the court held that a plan whose language specifically provides for the reimbursement of overpayments may recover those overpayments if they are sought from a specific fund and from a share of that fund to which it was entitled.

The facts and procedure in *Gilchrest* were strikingly similar to the instant case. The *Gilchrest* plaintiff had applied for long-term disability benefits under a plan maintained pursuant to ERISA. *Gilchrest*, 225 Fed. Appx. at 39. The plan language provided as follows:

> Unum has the right to recover for any overpayments due to:
>
> > -- fraud;
> >
> > -- any error Unum makes in processing a claim; and
> >
> > -- your receipt of deductible sources of income.
>
> You must reimburse us in full. We will determine the method by which the repayment is to be made.
> Unum will not recover more money than the amount we paid you.

*Id.* at 45. The Social Security Administration determined that the plaintiff was disabled and granted him Social Security disability benefits beginning January 1, 2004. *Id.* at 39. The plaintiff began receiving long term disability benefits under the plan on March 24, 2004. *Id.* Those benefits were terminated by the plan after it was determined that the plaintiff was capable of performing "light work," and that the plaintiff's job was closely analogous to a job described within that category in the Department of Labor's Dictionary of Occupational Titles. *Id.* The plaintiff's repeated appeals pursuant to the terms of the plan were denied. *Id.* At that time, the plaintiff informed the plan that his benefits were not being reduced by the amount he was receiving in Social Security disability benefits, but the plan did not adjust the payments immediately. *Id.* at 39-40. When it did, it sought reimbursement of the overpayments, but the plaintiff said he did not have the money to reimburse the plan. *Id.* at 40.

The Sixth Circuit concluded that the plan was entitled to reimbursement according to the decisions of the Supreme Court of the United States in *Great-West Life & Annuity Ins. Co. v.*

6

*Knudson*, 534 U.S. 204 (2002) and *Sereboff v. Mid Atlantic Medical Servs., Inc.*, 547 U.S. 356 (2006).  In both of these cases, the Supreme Court contemplated reimbursement from a specifically identified fund of money and from a particular share of that fund to which the plan is entitled.  *See Gilchrest*, 255 Fed. Appx. at 45.  Neither of the funds in *Sereboff* or *Knudson* qualified, and the plans did not receive reimbursement.  However, the *Gilchrest* court applied the principle to the facts before it and concluded that the defendant plan could properly seek reimbursement.

> [T]he Plan's overpayment provision asserts a right to recover from a specific fund distinct from [the plaintiff's] general assets – the fund being the overpayments themselves – and a particular share of that fund to which the plan was entitled – all overpayment due to the receipt of Social Security benefits, but not to exceed the amount of benefits paid.

*Gilchrest*, 255 Fed. Appx. at 45-46 (citing *Dillard's Inc. v. Liberty Life Assurance Co.*, 456 F.3d 894, 901 (8th Cir. 2006) (affirming summary judgment for plan seeking to recover overpayment of benefits resulting from the receipt of Social Security disability benefits).

The facts in this case are analogous.  The Plan provided as follows:

> You must notify the Plan Administrator of [the] amounts [of other sources of disability income], as well as of any changes in these amounts.  The Plan Administrator, in its discretion, may estimate the amount of any offsetting benefits until a determination is made.  You will be required to reimburse the Plan for any overpayment of benefits the Plan has made because you have received offsetting benefits.

(AR at 9).[1]  It further identified Social Security benefits as such a source of income:

> Each participant must sign an overpayment and reimbursement agreement that provides for reimbursement to the plan of Social Security benefits awarded.  Social Security is often awarded retroactively in a lump sum creating an overpayment that is due to the Plan.  If the Plan has overpaid you, you must reimburse the Plan as soon as you receive a lump-sum settlement including any retroactive award from Social Security.

---

[1] References to "AR" are to the Bates stamped page numbers of the Administrative Record filed under seal in this matter.

(AR at 12).  Plaintiff was aware that the Plan could not only decrease her benefits in accordance with any offsetting payments she received from another source, but that she would be required to reimburse the Plan for any such benefits that resulted in overpayment by the Plan.  As the *Gilchrist* court held because the Plan seeks reimbursement from the fund of overpayments due to the receipt of Social Security disabilty benefits, the Plan is entitled to reimbursement of the overpayments made, which, by affidavit of the Plan's Corporate benefits Manager, total $66,855.63.  (Ex. 2 to Doc. 87-3).

Plaintiff attempts to argue that the Plan language quoted above is from the 2006 version of the Plan, which she claims is not the correct version for the Court's consideration. Instead, she claims that the Court should be considering the 2001 version.  At the time that Plaintiff's benefits were discontinued, the 2006 version was the controlling version of the plan, and it is the version to be applied in this case.  *See, e.g.*, *Hackett v. Xerox Corp. Long-Term Disability Income Plan*, 315 F.3d 771, 774 (7th Cir. 2003).

Plaintiff also attempts to argue that the evidence of the amount overpaid by the Plan is unsupported by the record.  However, in a properly submitted affidavit attached as an exhibit to Defendant's Motion for Summary Judgment, the Plan's corporate benefits manager averred as to the amount paid.  The figures in the affidavit are entirely concordant with Plaintiff's own representation of her benefits awards as set forth on the first page of her Motion for Judgment Awarding Benefits (Doc. 40 at 1).  This claim by Plaintiff is entirely disingenuous and without merit.  Plaintiff's Motion to Strike (Doc. 89) said affidavit is DENIED, as is Defendant's Motion for Leave to File a Reply (Doc. 91).

The rest of Plaintiff's arguments clearly fall short in light of the Sixth Circuit's decision in *Gilchrest*.  The Court finds that they are meritless, and GRANTS Defendant's Motion for

Summary Judgment on its Counterclaim for reimbursement of overpayments.  Further, it adopts Defendant's request that an equitable lien be imposed upon Plaintiff's future Social Security benefits for reimbursement of the funds, pursuant to *Gilchrest*.  Doc. 87-2 at 6, FN 5 (citing *Gilchrest*, 255 Fed. Appx. at 45-46).  Finally, the Court DENIES Defendant's Motion for Leave (Doc. 94) to file a motion to strike Plaintiff's exhibits from her reply in support of her motion for summary judgment.

> ### C.      Defendant's Request for Attorneys' Fees

In addition to its Motion for Summary Judgment, Defendant has made a request for attorneys' fees under 28 U.S.C. § 1927.  The Court recognizes that Defendant has been forced to spend an inordinate amount of time and money defending against repeated meritless motions filed by Plaintiff in an attempt to have a second, third, or further bite at the apple in the litigation of her benefits claim.  However, given Plaintiff's purported financial situation, the Court DENIES Defendant's request.

### V.      Conclusion

Plaintiff's Motion for Summary Judgment (Doc. 86) is DENIED as moot, as her "Supplemental Complaint" is governed by the law of the case doctrine.  Defendant's Motion for Summary Judgment (Doc. 87) is GRANTED, and reimbursement is ordered by means of an equitable lien on Plaintiff's future Social Security benefits.  Defendant's request for attorneys' fees is DENIED.  Further pending motions (Docs. 88, 89, 91, 94) are DENIED.

IT IS SO ORDERED.


DATED:  October 31, 2008                    */s/ John R. Adams*_____
                                             Judge John R. Adams
                                             UNITED STATES DISTRICT COURT